**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROBERT ALAN MADDEN,

     Plaintiff - Appellant,

v.

CLEVELAND COUNTY; INOVATIVE
PLUMBING DESIGN; ANDY AND
SONS SERVICES; STATE OF
OKLAHOMA; JUDGE STICE,

     Defendants - Appellees.

No. 16-6226
(D.C. No. 5:16-CV-00566-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Plaintiff Robert Alan Madden is a pretrial detainee at the Cleveland County

Detention Center in Norman, Oklahoma. Proceeding pro se and *in forma pauperis*, he

filed suit in the United States District Court for the Western District of Oklahoma against

several defendants under 42 U.S.C. § 1983. The district court dismissed the action on

various grounds, including failure to exhaust state remedies, abstention, absolute

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

immunity, and failure to state a claim upon which relief may be granted. Plaintiff appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We liberally review Plaintiff's unpolished pro se complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). It appears to raise the following claims: To begin with, he complains that defendants "Inovation Plumbing Design" and "Andy and Sons Servies" denied him benefits in his previous employment. Aplt. App. at 9, 12. The district court dismissed these claims with prejudice for failure to state a claim upon which relief may be granted because the defendants were not acting under color of state law. Plaintiff does not challenge these dismissals on appeal.

The complaint also raises claims against the State of Oklahoma, the Cleveland County district attorney, and state district court Judge Stice arising from Plaintiff's criminal prosecution in state court.[1] It alleges that Plaintiff's "motion to discover" was not granted, Aplt. App. at 8, and that he had "not been brought before the court," *id.* at 11. It requests that the federal court "have all case's thrown out" and award him $1 million in damages. *Id.* at 10. Plaintiff appeals the dismissal of these claims. But he does not address the district court's rulings. He merely reiterates his contention that "I filed legel motion that have not been answered legally" and "My consistutional rights have been violated[.] I ask for a motion to discover that was not granted to me in person." Aplt. Br. at 3.

---

[1] Although Cleveland County is named in the caption of the complaint, it is not clear from the complaint that Plaintiff is suing the county as a separate entity. In any event, if he is, the complaint makes no allegations against the county and thus fails to state a claim upon which relief may be granted.

The dismissal can be readily affirmed. To the extent that Plaintiff is seeking damages, the prosecutor and the judge are both entitled to absolute immunity, *see Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (absolute immunity for judges); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (absolute immunity for prosecutors), and the state is entitled to sovereign immunity under the Eleventh Amendment, *see Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (State is not a "person" under § 1983). To the extent that Plaintiff seeks injunctive relief, the federal court is barred from interfering with an ongoing state criminal prosecution absent extraordinary circumstances not alleged here. *See Younger v. Harris*, 401 U.S. 37, 56 (1971). And insofar as Plaintiff seeks habeas relief under 28 U.S.C. § 2241 from his prosecution, he is barred for failure to first exhaust available state remedies. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief."); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The burden of proving exhaustion rests with the prisoner, *see Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993), and Plaintiff has failed to show that he has pursued available remedies in state court.

We **AFFIRM** the district court's denial of relief and **DISMISS** this appeal. We also **DENY** Plaintiff's motion to proceed *in forma pauperis* on appeal. Appellant shall continue to make partial fee payments to the district court until the entire appellate fee is paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge